FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STEVEN VANN SHOEMAKER,

Plaintiff,

v.

THE INTERNET, et al.,

Defendants.

No. 4:26-CV-05198-MKD

ORDER DISMISSING CASE

Plaintiff filed a Complaint on November 9, 2026. ECF No. 1. Plaintiff also filed an application to proceed *in forma pauperis*. ECF No. 2. A complaint filed by any party that seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to screening, and the Court must dismiss a complaint that is, among other things, frivolous. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Having reviewed Plaintiff's allegations liberally, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), the Court concludes Plaintiff's Complaint is frivolous. Plaintiff alleges that technology and telecommunications

companies control domain names, IP addresses, telephone services, and software as “one organization” that is “breaking the internet.” ECF No. 1 at 6. He requests a joint investigation and preservation of records. *Id.* at 7. He also seeks global acceptance of a “Web313” standard and “$1000^{100}$ trillion” dollars in damages. *Id.* at 8. The Court has “no general supervisory jurisdiction over the course of executive investigations.” *Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir. 1978). Plaintiff’s citizen report creates no enforceable right to the requested investigation and his sweeping allegations supply no arguable basis for the remaining relief he seeks. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court thus dismisses this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further denies leave to amend because additional factual allegations would not create an independent right of action for the investigation or damages sought through this citizen report. *See Lucas v. Cal. Dep’t of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se* plaintiff’s complaint, it must give the plaintiff leave to amend “[u]nless it is absolutely clear that no amendment can cure the defect” in the complaint).

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff's application to proceed *in forma pauperis*, **ECF No. 2**, is **DENIED as moot.**

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, provide a copy to Plaintiff, and **CLOSE** the file.

DATED November 20, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE